UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL CIVIC COMMITTEE
and FA'DEE MULAZIM,

        Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
and MDOC CORRECTIONAL FACILITIES,

        Defendants.

_____/

CASE NO. 09-13976
HONORABLE ARTHUR J. TARNOW
MAGISTRATE JUDGE BINDER

## **ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER**

On October 8, 2009, plaintiff Fa'Dee Mulazim filed a *pro se* complaint under 42 U.S.C. § 1983 and related statutes. He sought to implement conjugal visits in correctional facilities, and he alleged that correctional officials had deprived him of a single-occupancy cell. He also complained that prison officials had taken his legal property, transferred him to a different facility, and failed to use disinfectant in prison restrooms.

Plaintiff did not pay the filing fee for his complaint, and on November 20, 2009, the Court summarily dismissed the complaint pursuant to 28 U.S.C. § 1915(g). The Court noted that three or more of Plaintiff's prior complaints were dismissed as frivolous, malicious, or for failure to state a claim, and that Plaintiff had failed to show he was in imminent danger of serious physical injury.

Currently pending before the Court is Plaintiff's motion for a preliminary injunction and a temporary restraining order. The motion seeks an order authorizing Melanic religious worship and meditation, granting Melanic vendor rights, granting a Melanic vegan diet, enjoining the illegal denial of Plaintiff's right to property, and enjoining the Michigan Department of Corrections from maintaining a false prison debt.

Temporary restraining orders "have the modest purpose of preserving the status quo to give the court time to determine whether a preliminary injunction should issue." *Workman v. Bredesen*, 486 F.3d 896, 922 (6th Cir. 2007). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Plaintiff's case is closed; therefore, his motion is moot. Furthermore, the allegations in the pending motion have not persuaded the Court to reconsider its order of dismissal and to re-open this case. Accordingly, Plaintiff's motion for a preliminary injunction and a temporary restraining order [Dkt. #7] is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: October 8, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 8, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary